**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VLADIMIR GOROKHOVSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE BUILDING GROUP, BOARD OF DIRECTORS OF HURON HUDSON CONDOMINIUM ASSOCIATION, and HURON HUDSON CONDOMINIUM ASSOCIATION, | ) ) ) ) ) ) ) | 16 C 4133 |
| Defendants. | ) | |

**MEMORANDUM OPINION**

**CHARLES P. KOCORAS, District Judge:**

Now before the Court is Defendants' The Building Group, Board of Directors of the Residences at Hudson and Huron Condominium Association, incorrectly named as Board of Directors of Huron Hudson Condominium Association, and The Residences at Hudson and Huron Condominium Association, incorrectly named as Huron Hudson Condominium Association (collectively, "Defendants"), Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 against Plaintiff Vladimir Gorokhovsky ("Gorokhovsky")[1]. For the following reasons, the Court grants Defendants' Motion for Summary Judgment.

---

[1] Gorokhovsky misspells his own first name in the caption of the Complaint filed on April 7, 2016. The Court has corrected this oversight in the caption of this Opinion.

## BACKGROUND

Local Rule 56.1(a) requires the "party moving for summary judgment to include with that motion 'a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgement as a matter of law.'" *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) (quoting N.D. Ill. R. 56.1(a)(3)). Although Defendants did not file a separate and distinct statement of undisputed material facts, in their Memorandum in Support of their Motion for Summary Judgment, they included a section titled "Undisputed Material Facts." Local Rule 56.1(b)(3)(B) requires that Gorokhovsky file a response to a statement of uncontested material facts.

The Court granted Gorokhovsky leave to file his Response Brief to the Motion instanter on September 6, 2016, as reflected in docket entry 23. Without seeking leave of the Court, and without providing us with notice, Gorokhovsky filed another Response Brief two days later, on September 8, 2016, as reflected in docket entry 26. Neither brief contains a response to Defendants' statement of uncontested material facts, although the second one contains a statement of what Gorokhovsky claims are "Disputed Material Facts." Under Local Rule 56.1(b)(3)(C), "[a]ll material facts set forth in [Defendants' statement of undisputed facts] will be deemed to be admitted unless controverted by the statement of the opposing party." However, this does not "automatically result in judgment for the movant." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citation omitted). Although Defendants and

Gorokhovsky failed to fully comply with Local Rule 56.1, because the Court has broad discretion in enforcing the local rules, *see Beauchem v. Rockford Prod. Corp.*, No. 01 C 50134, 2002 WL 31155088, at *2 (N.D. Ill. Sept. 27, 2002), the following facts are taken from the parties' statements and exhibits filed in an attempt to comply with Local Rule 56.1, including Defendants' "Undisputed Material Facts" and Gorokhovsky's "Disputed Material Facts." The Court also considers the five-count Complaint (the "instant Complaint") filed by Gorokhovsky on April 7, 2016, and all of the evidence in the record. The Court construes the facts and all reasonable inferences drawn from them in the light most favorable to Gorokhovsky, and disregards any argument, conclusion, or assertion unsupported by the evidence in the record. *See Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015).

On three occasions—April 10, 2015, April 17, 2015, and November 7, 2015—Gorokhovsky claims that he noticed that his parking spot was occupied by a car that was not his own. In response, Gorokhovsky stated that he notified an on-duty manager who advised him to call Lincoln Towing. However, when Gorokhovsky purportedly called Lincoln Towing, the company representative informed him that only "authorized agents" can seek towing services. According to Gorokhovsky, when asked, the manager refused to call Lincoln Towing as an "authorized agent," and no other towing company would remove the "trespassing" car. Gorokhovsky takes issue with the Association's purported towing policy, claiming that Defendants misled him and wasted his time. On November 9, 2015, at 3:54 p.m., Gorokhovsky emailed Ryan

H. Shpritz ("Shpritz"), who is the Association's counsel, stating that his "pre-suit settlement demand" is $20,000 to resolve supposed legal claims relating to the Association's towing policy and the Association's demands for Gorokhovsky's unpaid assessment fees, for which he requested a "full accounting and verification of debt." Gorokhovsky included alleged claims in a draft complaint, dated December 12, 2015, which he sent to Defendants when he threatened to file suit.

On or about February 11, 2016, the parties entered into a Settlement Agreement (the "Agreement") to resolve the purported causes of action. Gorokhovsky's draft complaint was "attached to and incorporated into the" Agreement. In the Agreement, in exchange for a $1,000 credit to his association account, Gorokhovsky "release[d], acquit[ted], and forever discharge[d] [Defendants] . . . from all claims that were asserted or could have been asserted by [him] in connection with the Dispute and the Complaint." Subsequently, "the Association credited [Gorokhovsky's] account with $1,000."

Nonetheless, Gorokhovsky filed the instant Complaint, alleging: (i) a deprivation of property rights under 42 U.S.C. § 1983 (Count I); (ii) common law fraud (Count II); (iii) fraudulent misrepresentation (Counts III-IV); and (iv) unfair debt collection practices under 15 U.S.C. § 1692c(1)(A) and 15 U.S.C. § 1692e (Count V). In Counts I-IV, Gorokhovsky argues that Defendants misrepresented the process that the Association follows to tow a "trespassing," or an illegally-parked vehicle, from a resident's parking spot. In Count V, Gorokhovsky claims that

4

Defendants employed "false misrepresentation," attempting to "collect highly inflated and invalid debt" that Gorokhovsky purportedly owes for his condominium assessments, which is being litigated in Cook County. On June 22, 2016, Defendants filed their Motion for Summary Judgment arguing that Gorokhovsky's claims are barred by the Agreement.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact arises where a reasonable jury could find, based on the evidence of record, in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The movant bears the initial burden of showing that no genuine issue of material fact exists." *Genova v. Kellogg*, 12 C 3105, 2015 WL 3930351, at *3 (N.D. Ill. June 25, 2015). "The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the movant bears the burden of proof at trial." *Id*. The non-movant must go beyond the pleadings and support his contentions with documentary evidence of specific facts that demonstrate that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## DISCUSSION

Defendants argue that all of Gorokhovsky's claims, including those that were expressly asserted in the draft complaint and those that could have been asserted, were

released through the Agreement that was executed and signed by the parties on or about February 11, 2016, and therefore, "no genuine dispute as to any material fact exists and Defendants are entitled to summary judgment as a matter of law." The Court agrees. Further, once the burden at the summary judgment stage of litigation shifted to Gorokhovsky, he did not show "through specific evidence that a triable issue of fact remains on issues on which" he "bears the burden of proof at trial." *Kellogg*, 2015 WL 3930351, at *3. Thus, for the following reasons, Defendants' Motion for Summary Judgment is granted.

Gorokhovsky raises three arguments, framed as four, in his Response Brief in Opposition to Defendant's Motion for Summary Judgment. First, Gorokhovsky argues that the Agreement and the term "Dispute," as referenced in paragraph 4 of the Agreement, only pertained to actions that occurred on November 7, 2015, and that the April 10, 2015 and April 17, 2015 events are not encompassed in the Release that he signed. On all three occasions, according to Gorokhovsky, a car belonging to another was parked in Gorokhovsky's spot, and he was unable to obtain a tow from Lincoln Towing because he was not an "authorized agent," nor was he able to obtain a tow from another company because they did not have a contract with Defendants. Gorokhovsky claims that this wasted "multiple hours of [his] time" and led to the "uncontrollable" tears of his 6-year-old son. Gorokhovsky's logical reasoning behind his argument is as follows: (i) his draft complaint did not plead allegations regarding April 10 and 17; instead, it only references November 7; (ii) in contrast, the assertions

6

in the instant Complaint refer to April 10 and 17; therefore, (iii) Gorokhovsky urges that "clearly" the "Dispute," as written in the Agreement, only pertains to the events that occurred on November 7, and it does not govern the events that occurred on April 10 and 17. Not only does Gorokhovsky's conclusion not logically follow, but the contractual language dictates otherwise.

Paragraph 5 of the Agreement contains a choice of law provision, stating that the "Agreement shall be construed and interpreted in accordance with the laws of the State of Illinois." "Where the language of a release is clear and unambiguous, and the release is executed with knowledge of its meaning, absent an express limitation on the face of the release itself, or clear and convincing evidence of fraud, mutual mistake or mental incompetence, causes of action covered by the release are barred." *Rakowski v. Lucente*, 458 N.E.2d 947, 951 (1983), *aff'd* 472 N.E.2d (1984). Such releases are broadly construed, and Illinois "courts have been willing to bar additional claims falling within the scope of the release that do not explicitly appear in the release." *Goodman v. Hanson*, 945 N.E.2d 1255, 1263 (2011); *Rakowski*, 458 N.E.2d at 951–52.

The Release itself states that Gorokhovsky releases Defendants "*from all claims that were asserted [including those in the draft complaint] **or could have been asserted**.*" Dkt. 7-3, Exh. C, p. 2 ¶ 4 (emphasis added). Further, in the "Recitals" of the Agreement, the "Dispute" pertains "to the [Defendants'] alleged failure and refusal to request a tow from Lincoln Towing," the very heart of the matter from

7

which all of the incidents—chronologically, those on April 10; April 17; and November 7—stem. Thus, it does not matter that Gorokhovsky's draft complaint did not specifically allege a violation of his rights on the two previous occasions asserted in the instant Complaint, as it *could have*. The broad language in the Recitals and the Release, not making reference to any specific dates or listing any particular incidents, powerfully mitigates toward this result. Accordingly, the Court grants Defendants' Motion for Summary Judgment with respect to Counts I-IV.

Gorokhovsky's second argument is that the Agreement and the Release do not encompass Count V of the instant Complaint, which according to him, materialized after the parties signed the Agreement. In support of this argument, Gorokhovsky again points to the draft complaint, which did not contain an allegation of unfair trade practices against Defendants. For the reasons discussed above, the Court is unpersuaded with Gorokhovsky's argument that because Count V was not in the draft complaint, it was not contemplated in the Release. Regardless of whether it was asserted at that time, it could have been, as the record demonstrates.

First, on November 9, 2015, Gorokhovsky sent Shpritz an email stating that he is asserting legal claims against Defendants, informing him of a $20,000 settlement demand, and importantly, bringing the very facts upon which Count V is based into issue. In the email, Gorokhovsky writes, "In regard to [the] situation with un-paid assessments, I am requesting full accounting and verification of debt. I am prepared to pay for those months on which the payments were missed, but need to get final

accounting." Gorokhovsky has not disputed the authenticity or accuracy of the email. *See Toney v. St. Francis Hosp.*, 169 F. Supp. 2d 822, 828 n.2 (N.D. Ill. 2001) ("The contents of this e-mail could be admitted into evidence at trial . . . . As a result, whether the statements contained in the electronic message is hearsay as it stands right now in this motion for summary judgment is irrelevant."). The Agreement was not executed until three months after Gorokhovsky sent the email, on or about February 11, 2016. The Recitals of the Agreement state, "as a result of the Dispute ['relating to the Association Parties' alleged failure and refusal to request a tow from Lincoln Towing'], [Gorokhovsky] prepared and threatened to file a draft complaint," and that Gorokhovsky "release[s] . . . all claims that could have been asserted . . . in connection with the Dispute and the Complaint." Gorokhovsky's draft complaint could have reasonably included all of the items that he put into issue in the email.

Second, the instant Complaint refutes Gorokhovsky's claim that this cause of action was unknown to him at the signing of the Agreement. In the instant Complaint, Gorokhovsky alleges that "during 2014 and [the] beginning of 2015" he traveled overseas "frequently," and due to his travels, he "missed several condo . . . assessment payments." Upon his return, Gorokhovsky states that he "notified [Defendants] that his alleged debt is disputed and requested [a] full accounting" of it, which according to Gorkhovsky, Defendants ignored. Instead, he argues, that Defendants "continued to collect highly inflated and invalid debt," which consists of "various unlawful charges including . . . penalties, fees and . . . otherwise unsubstantiated assessments."

9

Gorokhovsky's assertion that the cause of action was unknown to him at the signing of the Agreement is rebutted by the fact that "during 2014, and [the] beginning of 2015" encompasses the time prior to the execution of the Agreement on or about February 11, 2016.

Third, Gorokhovsky's association ledger evidences that he knew of the claim and that it transpired prior to the Agreement. The act of which he complains in Count V—supposedly unlawful charges, including additions of attorneys' fees to his ledger—are reflected on the ledger on November 16, 2015, December 15, 2015, and February 4, 2016, all dates that occurred before the signing of the Agreement on or about February 11, 2016. The ledger also demonstrates that Gorokhovsky did, in fact, fail to pay his assessments, and that Defendants credited Gorokhovsky's association account with $1,000 as consideration for the execution of the Agreement. Both of these facts tend to show that Gorokhovsky knew that he was in arrears on his assessments prior to and at the time of the execution of the Agreement, and that a claim relating to the arrears was contemplated by and in the Agreement.

Even considering Gorokhovsky's second "Response," filed on September 8, 2016, the Court's analysis and conclusions remain unchanged. His second Response contains Gorokhovsky's own affidavit and his purported "Statement of Disputed Material Facts," which cites solely to his affidavit. This statement consists of two "Disputed Material Facts." In their entirety, they read:

1. That it is disputed that incidents transpired on April 10 and 17, 2015 were included in the draft of the Release, executed by the parties on or about February 16, 2015. (citing to "Affidavit of Vladimir Gorokhovsky").

2. It is disputed that said release as propounded by the defendant[2] governs the cause of action for unfair debt collection practices, which is based on certain instances of defendant's conduct such as surreptitiously billing to plaintiff's ledger of defendant's attorneys['] fees incurred by said defendant prior to signing of said release as transpired after signing of said release, as well as at the time after said release was already signed. (citing to "Affidavit of Vladimir Gorokhovsky").

Dkt. 26-4.

From what the Court is able to discern, these are not statements of fact. Instead, they are Gorokhovsky's interpretations of the Agreement and the Release. Gorokhovsky's own interpretations do not create questions of material fact, and they do not defeat Defendants' Motion for Summary Judgment. *See Hartford Fire Ins. Co. v. Taylor*, 903 F. Supp. 2d 623, 638 (N.D. Ill. 2012) ("To adequately dispute a statement of fact, the opposing party must cite specific support in the record; an unsubstantiated denial or a denial that is mere argument or conjecture is not sufficient to create a genuinely disputed issue of material fact."). Consequently, the Court grants Defendants' Motion for Summary Judgment with respect to Count V.

Finally, Gorokhovsky argues that the Court should deny Defendants' Motion for Summary Judgment because they failed to comply with Local Rule 56.1. Local

---

[2] On multiple occasions, Gorokhovsky claims that Defendants unilaterally prepared the Agreement. However, paragraph 11 of the Agreement clearly states that "[t]he parties warrant that they have read this Agreement," "entered into it freely, voluntarily, and willingly," it "is the joint product of arm's-length negotiations," and "shall be deemed to have been jointly-drafted by the Parties." Gorokhovsky is an attorney, and he signed the Agreement. His argument is invalid.

11

Rule 56.1(a)(3) requires "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law, and that also includes: (A) a description of the parties, and (B) all facts supporting venue and jurisdiction in this [C]ourt." Defendants provided the Court with a list of "Undisputed Material Facts," labeled as such in their Memorandum in Support of their Motion for Summary Judgment, as well as points (A) and (B). It is true, and Defendants admit, that they failed to file it as a separate document. Nonetheless, Defendants substantially complied with the Local Rule. Gorokhovsky should be cautious at whom he points fingers, as he too is not faultless. In fact, the Court granted Gorokhovsky leave to file a Response Brief in Opposition to Defendant's Motion for Summary Judgment instanter on September 6, 2016, as reflected in docket entry 23. Notably, this Response Brief is a total of eight pages, and it is devoid of a response to Defendants' undisputed material facts and of a statement of disputed facts. Without seeking leave of the Court, and without providing us with notice, posture especially concerning to the Court as Gorokhovsky is an attorney, not a *pro se* plaintiff; he filed another Response Brief two days later, on September 8, 2016. Curiously, this Response Brief grew from eight pages to thirty-two, containing exhibits, including Gorokhovsky's own affidavit, and a statement of what he claims are "Disputed Material Facts." Luckily for all parties, the Court is reasonable and chooses not to let meritorious claims fail for technical failures. Unfortunately for Gorokhovsky, this does not save him.

In this case, Gorokhovsky attempts to take "the proverbial second bite at the apple" in more ways than one. The Court is uninclined to let him do so. It is undisputed that the parties entered into the Agreement. In consideration, Defendants credited Gorokhovsky's association account with $1,000. It is also undisputed that the Agreement contains a Release "from all claims that were asserted or could have been asserted by [Gorokhovsky] in connection with the Dispute and the Complaint." This Release bars the claims in the instant Complaint. There is no genuine issue of material fact. Thus, summary judgment in favor of the Defendants is proper.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion for Summary Judgment; dismisses Gorokhovsky's claims; terminates this action; and will enter judgment in favor of Defendants. It is so ordered.

Date: 11/18/2016

Charles P. Kocoras
United States District Court Judge